O’Neall, J.,
dissenting, said: — I think now, as I did on the circuit, that the executory devise to the plaintiffs is good. The devise to Prances Linam is a fee defeasible. Por the Act of 1824 dispenses with words of inheritance, or perpetuity: and the fee is defeasible on dying “without heirs lawful begotten” of her body. Bedon vs. Bedon, 2 Bail. 251. The devise over is, “ that then the said land shall descend to her sister Judith's children, in common'' The question is, “is this limitation too remote?” It is strange after the Legislature in 1853 have established as a canon of construction in all future wills “ that where an estate shall be limited to take effect on the death of any person without heirs of the body or issue, or issue of the body, or other equivalent words, such words shall not be construed to mean an indefinite failure of issue, but a failure at the time of the death of such person,” 12 Stat.1 299, the Courts should still by strained construction defeat the manifest intention of the testator. After such an expression of the public will, it seems to me it would be well to conform to it, in every case where it is possible. I had occasion to say in Buist vs. Dawes, 4 Rich. Eq. 425, that the rule in Shelly’s case was virtually abolished by the Act of 1824. It seems to me it ought long ago to have been ruled to be inapplicable to our institutions of property. In England it was made to subserve the intent of the testator: here to viot *492 late it. Hence it ought bere to have been rejected in tbe very beginning. Fortunately the Act of 1824 has put it altogether out of tbe way. Mr. Eearne in bis excellent work on Contingent Bemainders and Executory Devises, (487,) says, that “ tbe law appears now to be settled, that an executory devise of a real or personal estate, which must in tbe nature of tbe limitation, vest within twenty-one years after tbe period of a life in being, is good.” I> know very well, that tbe same author tells us at 444, “ that an executory devise after a dying without heirs or without issue is void, because too remote.” But tbe two principles are intended to operate together, and whenever it can be shown, that the words used do not mean an indefinite failure of issue, but a failure within the previous rule, the executory devise over is good. The words dying “ without lawful heirs, lawful begotten of her body” in the connection in which they are used do not import an indefinite failure of issue. For the tenants who are to take are the children of Judith, and must be in esse within the life of Judith, who was in esse at the execution of the will. A limitation over after heirs of the body without qualification would be too remote: and I never intended to advance any other doctrine, in Buist vs. Dawes, 4 Rich. Eq. 425, and the sixth Judge who gave in his adhesion to the decision in that case, excepted to what he supposed to be the President’s ruling, that, “ an executory devise to take effect upon an event clearly within the prescribed time, may not be limited upon a fee conditional.” This principle so carefully guarded in that case is now to be violated in this. For who can doubt that the executory devisé over in this case, is clearly within the prescribed time ?
But it is useless to pursue this matter further. In the course of another generation it may get rid of some of the rules, whereby the intentions of testators have been defeated for the last fifty years in this State.

Motion granted.